## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. RINGOLD et ux.*
### No. 6022.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1931.

Rehearing Denied April 17, 1931.

*Rehearing denied April 17, 1931.

Marion G. Evans and Sivley, Evans & McCadden, all of Memphis, Tenn., and Chapman, Moody & Johnson, of Indianola, Miss., for appellant.

S. D. Neill and F. E. Everett, both of Indianola, Miss., and A. A. Armistead, of Vicksburg, Miss., for appellees.

Before FOSTER, Circuit Judge, and GRUBB and DAWKINS, District Judges.

GRUBB, District Judge.

This was a bill in equity in the District Court of the United States for the Northern District of Mississippi, filed by the appellant, praying (1) for the cancellation of certain waivers of annual premiums on a policy of life insurance in the sum of $25,000, issued by the appellant (plaintiff) on the life of the appellee (defendant) David O. Ringold, in which his wife, who was a codefendant and coappellee, was the beneficiary, upon the ground that the waivers were obtained by fraud, and that the policy be adjudged to have lapsed, and held to be void and of no further effect; (2) that the court adjudge that the defendant D. O. Ringold was not totally and permanently disabled within the meaning of a noncancelable health and accident policy, issued by the plaintiff to the same defendant at the same time that the life policy was issued, and upon the same application; and to enjoin the defendants from making further claim upon plaintiff by reason of alleged disability of the insured under the health policy; and (3) to recover certain sums of money paid the defendant D. O. Ringold upon the faith of alleged false representations made by both defendants that D. O. Ringold was totally disabled.

The bill of complaint was dismissed on motion by the District Court in so far as it sought a recovery of sums of money, which had been already paid to D. O. Ringold; the court holding that the cause of action for the recovery of the money paid was at law and not in equity.

The waiver clause of the life policy was in these words: "Should the insured, before attaining the age of sixty years, become permanently totally disabled, while this policy is in full force and effect, and no premium is in default, the company agrees to waive the payment of all premiums thereafter becoming due under the conditions of the policy and to pay the insured a monthly income of ten dollars for each thousand dollars of the face amount of this policy."

Permanent total disability was defined in the policy as follows: "That permanent total disability as used herein shall be construed to mean that there is neither then nor will be at any time hereafter any work, occupation, or profession that the insured can ever sufficiently do or follow to earn or obtain wages, compensation or profit."

The total disability provision of the noncancelable health and accident policy is as follows: "Against disability commencing while this policy is in force and resulting from bodily injury effected through accidental means; and against disability commencing while this policy is in force and resulting from sickness; such disability in both cases to be such as will result in continuous total loss of business time. * * * The Company will pay indemnity at the rate of Five Hundred Dollars per month during the continuance of disability, as defined above, until such time as the insured engages in a gainful occupation."

There was a trial before the District Judge, and, at the conclusion of it, he entered a decree dismissing the bill on the merits, upon a finding that the allegations of the bill were not sustained by the proof, and that, upon the contrary, the allegations of the answer were shown to be true by the evidence. The appellant has taken this appeal from the decree dismissing the bill.

The evidence was voluminous as to the physical and mental condition of the insured, as it reflected upon the issue of total permanent disability, as defined in the life policy, and that of total disability under the non-

cancelable health policy as defined in that policy. After having considered the evidence fully and carefully, we do not think the District Judge, who heard and saw the witnesses in person, erred in his finding that, from a period three months after September, 1925, the insured was totally and continuously disabled by sickness from engaging in any work, occupation, or profession so as to earn wages, compensation, or profit therefrom, and that he suffered a disability, which resulted in a continuous total loss of business time. It would not be helpful to review the evidence on this question. It is enough to say that the evidence persuasively showed the health of the insured to have been so bad that he was largely unable to work at all and was never in a condition to work, except at the expense of impairment of his health, and with the result of attendant pain and suffering that he could not have been expected to endure, and at the serious risk of the shortening of his life. This result calls for the denial of the plaintiff's prayer for the cancellation of the waivers of the payments of premium under the life policy and the denial of the injunction against the defendants, prayed for, from making further claim upon plaintiff by reason of the claimed disability under both the life and health policy, which was the effect of the decree appealed from.

 Appellant contends that the insured, while a member of the board of supervisors of Sunflower county, Miss., did "engage in a gainful occupation" within the meaning of the health policy, and that, regardless of whether or not he was continuously and totally disabled from doing so, the fact that he actually did do so bars his recovery. The health policy provided for the payment of indemnity "during the continuance of the disability, as defined above, until such time as the insured engages in a gainful occupation." If it be conceded that this clause of the health policy, when applied to the facts of this case, would bar a recovery by the insured during the period while he was supervisor, and that he was engaging in a gainful occupation during that period, the concession would not aid the plaintiff as to the right of the insured to recover monthly payments under the health policy, after he had ceased to be supervisor, and while he still remained totally disabled in a sense that would result "in continuous total loss of business time." Whether or not the plaintiff could recover the disability payments made by it to the insured, during the period of his official status, is not before us because of the striking, from the bill of complaint of that cause of action by the District Court, a ruling not appealed from. We think the language in the health policy, "until such time as the insured engages in a gainful occupation," could have no other effect than to suspend payment from and during the period the insured held office, and would not have the effect to forfeit the right of the insured after he ceased to be supervisor and while he was still totally disabled. Under the life policy, as we construe it, the test to the right of the waiver of premiums and to disability payments depends upon permanent total disability, defined to mean inability to ever sufficiently do or follow, to earn or obtain wages, compensation, or profit, any work, occupation, or profession; and not upon an actual so engaging by an insured, while he was permanently and totally disabled.

In view of our conclusion, it is not necessary to consider the defenses of laches, estoppel, waiver, and the claimed incontestability of the policy set up in the answer of the defendant.

The decree of the District Court dismissing the bill of complaint is affirmed without prejudice to the right of the appellant to institute or defend an action at law for the recovery of indemnity payments made or owing to insured, while he was a member of the board of supervisors of Sunflower county, Miss., if it be so advised; and it is so ordered.

Affirmed.